**KILPATRICK TOWNSEND & STOCKTON LLP**
R. Charles Henn Jr. (RH3049)
1100 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 815-6572
Facsimile: (404) 541-3240

*Attorney for Defendants adidas America, Inc. and*
*Foot Locker Stores, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

<table>
<tr><td>

JOEL PENA,

                 Plaintiff,

      v.

ADIDAS AMERICA, INC., FOOTLOCKER
STORES, INC., STOCKX, LLC, FLIGHT
CLUB NEW YORK, LTD., and 1661, INC.
d/b/a GOAT GROUP,

               Defendants.

</td><td>

Civil Action No. 1:19-cv-09342-RA

</td></tr>
</table>

## DEFENDANTS ADIDAS AMERICA, INC. AND FOOTLOCKER STORES, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

       Defendants adidas America, Inc. ("adidas") and Foot Locker Stores, Inc. ("FLI," and

together with adidas, "Defendants") hereby answer Plaintiff Joel Pena's Complaint and state

their affirmative defenses and counterclaims as follows. adidas's answers are made on behalf of

adidas only; adidas does not purport to respond as to allegations made regarding any other

defendant. FLI's answers also are made on behalf of FLI only; FLI does not purport to respond

as to allegations made regarding any other defendant.

## NATURE OF THE ACTION

1.       Defendants deny the allegations in Paragraph 1.

## JURISDICTION AND VENUE

2.       Defendants admit that this Court has subject matter jurisdiction over this action.

3.       Defendants admit that this Court has personal jurisdiction over Defendants and that Defendants transact business in, and are registered to do business in, New York.  Defendants deny the remaining allegations in Paragraph 3.

4.       Defendants admit that venue is proper in this judicial district, and that Defendants advertise, market, and sell adidas-branded goods in this judicial district. Defendants deny the remaining allegations in Paragraph 4.

## PARTIES

5.       Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5.

6.       adidas admits that it is an Oregon corporation and denies the remaining allegations in Paragraph 6. FLI lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6.

7.       FLI admits the allegations in Paragraph 7. adidas lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7.

8.       Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8.

9.       Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9.

10.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10.

## **FACTS**

11.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11.

12.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12.

13.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13.

14.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14.

15.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15.

16.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16.

17.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17.

18.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18.

19.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19.

20.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20.

21.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21.

22.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22.

23.     Defendants admit that the United States Patent and Trademark Office ("USPTO") website appears to state that Plaintiff filed Application Serial No. 77/354,955 on December 18, 2007.  Defendants deny the remaining allegations in Paragraph 23.

24.     Defendants admit that the USPTO website appears to state that Plaintiff owns Reg. No. 4,587,137 in International Class 25.  Defendants deny the remaining allegations in Paragraph 24.

25.     Defendants admit that the USPTO website appears to state that Plaintiff filed Application Serial No. 86/303,524 on June 8, 2014.  Defendants deny the remaining allegations in Paragraph 25.

26.     Defendants admit that the USPTO website appears to state that Plaintiff filed Application Serial No. 88/600,647 on August 30, 2019.  Defendants deny the remaining allegations in Paragraph 26.

27.     Defendants deny the allegations in Paragraph 27.

28.     adidas admits the allegations in Paragraph 28. FLI lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28.

29.     adidas admits the allegations in Paragraph 29. FLI lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29.

30.     adidas admits it has offered for sale the footwear depicted in Paragraph 30. adidas denies the remaining allegations in Paragraph 30. FLI lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30.

31.     adidas denies the allegations in Paragraph 31. FLI lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31.

32.     adidas denies the allegations in Paragraph 32. FLI lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32.

33.     adidas denies the allegations in Paragraph 33. FLI lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33.

34.     adidas denies the allegations in Paragraph 34. FLI lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34.

35.     adidas denies the allegations in Paragraph 35. FLI lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35.

36.     adidas denies the allegations in Paragraph 36. FLI lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36.

37.     adidas denies the allegations in Paragraph 37. FLI lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37.

38.     FLI admits the allegations in Paragraph 38. adidas lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38.

39.     FLI denies the allegations in Paragraph 39. adidas lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39.

40.     FLI admits the allegations in Paragraph 40. adidas lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40.

41.     FLI denies the allegations in Paragraph 41. adidas lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41.

42.     FLI denies the allegations in Paragraph 42. adidas lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42.

43.     FLI denies the allegations in Paragraph 43. adidas lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43.

44.     FLI denies the allegations in Paragraph 44. adidas lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44.

45.     FLI denies the allegations in Paragraph 45. adidas lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45.

46.     FLI denies the allegations in Paragraph 46. adidas lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46.

47.     FLI denies the allegations in Paragraph 47. adidas lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47.

48.     FLI denies the allegations in Paragraph 48. adidas lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48.

49.     FLI denies the allegations in Paragraph 49. adidas lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49.

50.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50.

51.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51.

52.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52.

53.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53.

54.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54.

55.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55.

56.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56.

57.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57.

58.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58.

59.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59.

60.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60.

61.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61.

62.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62.

63.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63.

64.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64.

65.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65.

66.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66.

67.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67.

68.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68.

69.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69.

70.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70.

71.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71.

72.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72.

73.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73.

74.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74.

75.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75.

76.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76.

77.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77.

78.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78.

79.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79.

80.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80.

81.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81.

82.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82.

83.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83.

## FIRST CAUSE OF ACTION

## TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114-1116)

84.     Defendants repeat and reassert their responses to each of the allegations contained in the preceding paragraphs as if fully stated herein.

85.     Defendants deny the allegations in Paragraph 85.

## SECOND CAUSE OF ACTION

## UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

86.     Defendants repeat and reassert their responses to each of the allegations contained in the preceding paragraphs as if fully stated herein.

87.     Defendants deny the allegations in Paragraph 87.

88.     Defendants deny the allegations in Paragraph 88.

89.     Defendants deny the allegations in Paragraph 89.

90.     Defendants deny the allegations in Paragraph 90.

## THIRD CAUSE OF ACTION

## COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

91.     Defendants repeat and reassert their responses to each of the allegations contained in the preceding paragraphs as if fully stated herein.

92.     Defendants deny the allegations in Paragraph 92

93.     Defendants deny the allegations in Paragraph 93.

94.     Defendants deny the allegations in Paragraph 94.

95.     Defendants deny the allegations in Paragraph 95.

## FOURTH CAUSE OF ACTION

## UNJUST ENRICHMENT

96.     Defendants repeat and reassert their responses to each of the allegations contained in the preceding paragraphs as if fully stated herein.

97.     Defendants deny the allegations in Paragraph 97.

98.     Defendants deny the allegations in Paragraph 98.

## **AFFIRMATIVE DEFENSES**

Defendants reserve the right to supplement or amend this Answer, including to assert any additional affirmative defenses after additional investigation and discovery. Defendants deny all allegations in the Complaint not expressly admitted herein.

### **First Affirmative Defense**
### **(Merely Ornamental As To Plaintiff)**

Plaintiff's purported marks, including HUMAN, HUMAN and Design, JOEL HUMAN, and THE HUMAN EXPERIENCE (collectively, "Plaintiff's Purported Marks") are not protectable as trademarks because they serve no source-identifying function for Plaintiff, and are instead only decorative or merely ornamental as used on the goods marketed, offered for sale, or sold bearing Plaintiff's Purported Marks.

### **Second Affirmative Defense**
### **(Abandonment)**

Plaintiff abandoned Plaintiff's Purported Marks because, to the extent Plaintiff ever used those marks in commerce, Plaintiff discontinued use of the marks with the subjective intent not to resume use.

### **Third Affirmative Defense**
### **(Non-Trademark Use)**

Defendants' purported use of the word "Human" is not trademark use because Defendants do not use the word "Human" as an identifier of source for Defendants.

### **Fourth Affirmative Defense**
### **(Laches)**

Plaintiff's claims are barred in whole or in part based on laches. Plaintiff was aware of the advertising and/or sale of the disputed footwear and unreasonably delayed in bringing this

lawsuit.

## COUNTERCLAIM

1.      adidas America, Inc. ("adidas") and Foot Locker Stores, Inc. ("FLI," and together with adidas, "Counter-Plaintiffs") assert the following counterclaims against Plaintiff Joel Pena.

2.      On October 9, 2019, Plaintiff filed the above-captioned action alleging infringement of the purported JOEL HUMAN and HUMAN marks based on Counter-Plaintiffs' licensed use of the federally-registered trademark of famous Japanese fashion designer NIGO (aka Tomoaki Nagao):

**Trademark Reg. No. 5,169,018**                **Footwear At Issue**



3.      Plaintiff also shoehorns into its infringement claims adidas's use of the word "Human" along the tops of shoes in its Pharrell Hu collection—which began more than three years ago—even though the Pharrell Hu collection features numerous descriptive terms tied to what it means to be human:





    4.      In light of Plaintiff's meritless claims of trademark infringement, Counter-Plaintiffs will be damaged by the continued registration of the JOEL HUMAN Mark in International Class 25 for "[a]thletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, [and] athletic uniforms" ("the JOEL HUMAN Goods") as shown in Reg. No. 4,587,137.

5. Additionally, Counter-Plaintiffs will be damaged by the registration of the HUMAN Mark in International Class 25 for "[a]thletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms; Hoodies; Sweaters; T-shirts; Crew neck sweaters; [and] Short-sleeved or long sleeved t-shirts" ("the HUMAN Goods") as shown in Application Serial No. 88/600,647

6. Counter-Plaintiffs therefore seek the cancellation of the JOEL HUMAN Mark and the denial of Plaintiff's application for the HUMAN Mark in Class 25.

## PARTIES

7. Counter-Plaintiff adidas America, Inc. is a corporation organized and existing under the laws of the State of Oregon, having its principal place of business at 5055 N. Greeley Avenue, Portland, Oregon 97217.

8. Counter-Plaintiff Foot Locker Stores, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 330 W. 34th Street, New York, New York 10001.

9. Upon information and belief, Counter-Defendant Joel Pena ("Pena" or "Plaintiff") is an individual residing in the state of New York.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. Subject matter jurisdiction over Counter-Plaintiffs' related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

11. This Court has personal jurisdiction over Plaintiff because he is an individual who is domiciled in and resides in the state of New York and has consented to personal jurisdiction by filing this action.

12.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to Counter-Plaintiffs' counterclaims occurred in this judicial district.

## **FACTUAL BACKGROUND**

13.     adidas is currently, and for years has been, one of the world's leading manufacturers of athletic footwear, sportswear, and athletic accessories.

14.     As a world-famous brand, adidas collaborates with many celebrities, including iconic rapper Pharrell Williams ("Pharrell"), on various adidas-branded footwear and apparel collections. adidas announced its collaboration with Pharrell in early 2014.

15.     In 2016, adidas and Pharrell announced a collaboration on footwear bearing the phrase "Human Race":



16.     Following an overwhelmingly positive response to the initial release, since 2016, adidas has periodically introduced variations of that footwear, including those below, in a collection commonly referred to as the "Pharrell Hu" collection:



17.     As shown above, adidas has used, and continues to use, various words along the top of the upper of its Pharrell Hu footwear.

18.     As a licensed retailer of adidas-branded products, FLI has sold adidas footwear, including Pharrell Hu footwear.

19.     In October 2019, adidas and Pharrell collaborated with NIGO, a famous Japanese designer who created the HUMAN MADE brand and registered the mark HUMAN MADE, as shown below, with the USPTO in connection with "footwear" on March 28, 2017 (Reg. No. 5,169,018). As part of this collaboration, adidas released limited edition footwear bearing the HUMAN MADE mark, as that mark appears in Reg. No. 5,169,018:




## COUNTER-DEFENDANT'S CONDUCT

20.     On information and belief, Plaintiff and Counter-Defendant Pena is the owner of Reg. No. 4,587,137 for the purported JOEL HUMAN Mark in International Class 25 for multiple goods including athletic apparel (the "JOEL HUMAN Registration").

21.     On information and belief, Pena filed Application Serial No. 85/965,969 (the "JOEL HUMAN Application") on June 20, 2013 to register the purported JOEL HUMAN Mark pursuant to Section 1(a) of the Lanham Act, 15 U.S.C. § 1051(a), claiming a first-use-in-commerce date of May 15, 2010 for all goods in that application.

22.     On information and belief, although Pena applied to register his purported JOEL HUMAN mark alleging a first-use-in-commerce date of May 16, 2010 for all goods in that application, Pena was not at that time or at the time of registration using the JOEL HUMAN Mark in commerce for all goods in that application.

23.     On information and belief, Pena filed Application Serial No. 88/600,647 (the "HUMAN Application") on August 30, 2019 to register the purported HUMAN Mark under Section 1(a) of the Lanham Act, 15 U.S.C. § 1051(a), claiming a first-use-in-commerce date of April 1, 2012 for all goods in that application.

24.     On information and belief, although Pena applied to register his purported HUMAN mark alleging a first use in commerce date of April 1, 2012 for all goods in that application, Pena was not at that time and is not currently using the HUMAN mark in commerce for all goods in that application.

## FIRST COUNTERCLAIM
### Cancellation of Registration No. 4,587,137 Due to Fraud

25.     Counter-Plaintiffs repeat and reassert each and every allegation set forth in the paragraphs above and incorporate them herein by reference.

26.     On information and belief, when Pena filed his application for the JOEL HUMAN mark, Pena had not used that mark in connection with all of the goods he listed in that application as of May 16, 2010, or at the time of the application or registration.

27.     On information and belief, when Pena filed his application for the JOEL HUMAN mark, Pena knew that he had not used the purported JOEL HUMAN mark in connection with all goods recited in the application at the time he filed the JOEL HUMAN Application.

28.     On information and belief, Pena knowingly and intentionally filed an application falsely claiming that the JOEL HUMAN mark was in use in connection with all goods recited in that application in a knowing and intentional attempt to defraud the USPTO.

29.     Counter-Plaintiffs will be harmed by the continued registration of the JOEL HUMAN mark because Pena is asserting the JOEL HUMAN Registration against Counter-Plaintiffs in this case in an attempt to disrupt Counter-Plaintiffs' business.

30.     Accordingly, maintenance of Reg. No. 4,587,137 is contrary to the law, and that registration should be cancelled pursuant to the Court's authority under 15 U.S.C. § 1119.

## SECOND CLAIM FOR RELIEF
### Cancellation of Registration No. 4,587,137 Due to Abandonment

31.    Counter-Plaintiffs repeat and reassert each and every allegation set forth in the paragraphs above and incorporate them herein by reference.

32.    To the extent Pena has ever offered any of the goods identified in the JOEL HUMAN Registration for sale in commerce in the United States, Pena has since, on information and belief, discontinued any such use with the subjective intent not to resume such use.

33.    Plaintiff therefore has abandoned the JOEL HUMAN Mark that is the subject of the JOEL HUMAN Registration, including for all of the goods identified in the registration, pursuant to 15 U.S.C. § 1127.

34.    Counter-Plaintiffs will be harmed by the continued registration of the JOEL HUMAN mark because Pena is asserting the JOEL HUMAN Registration against Counter-Plaintiffs in this case in an attempt to disrupt Counter-Plaintiffs' business.

35.    Counter-Plaintiffs therefore request that Reg. No. 4,587,137 be cancelled pursuant to the Court's authority under 15 U.S.C. § 1119.

## THIRD CLAIM FOR RELIEF
### Non-Registration of Application Ser. No. 88/600,647 Due to the Merely Ornamental Nature and Lack of Bona Fide Use of Pena's HUMAN Mark

36.    Counter-Plaintiffs repeat and reassert each and every allegation set forth in the paragraphs above and incorporate them herein by reference.

37.    Plaintiff's purported HUMAN Mark that is the subject of the HUMAN Application is nothing more than a decorative feature on the goods for which Plaintiff uses or has used that purported mark.

38.     Plaintiff's purported HUMAN Mark is merely ornamental as used on the goods listed in the HUMAN Application and thus does not function as a trademark as required by 15 U.S.C. §§ 1051, 1052, and 1127.

39.     On information and belief, Plaintiff has not invested in advertising or marketing the HUMAN Mark or goods featuring that mark, and the public has not come to identify "human" and goods featuring "human" with Plaintiff.

40.     Counter-Plaintiffs will be harmed by registration of the purported HUMAN mark because Pena is asserting that mark against Counter-Plaintiffs in an attempt to disrupt Counter-Plaintiffs' business.

41.     The USPTO's allowance of Application Serial No. 88/600,647 to proceed to registration would be contrary to law, and Counter-Plaintiffs therefore request that the Court order the denial of registration pursuant to pursuant to the Court's authority under 15 U.S.C. § 1119.

## Prayer for Relief

WHEREFORE, Counter-Plaintiffs pray that the Court will:

a.      Enter an order cancelling U.S. Trademark Registration No. 4,587,137;

b.      Enter an order enjoining Pena from prosecuting or assisting in the prosecution of any pending application for the purported HUMAN Mark;

c.      Enter an award ordering Pena to reimburse Counter-Plaintiffs for their reasonable costs incurred in connection with this action;

d.      Enter an award ordering Pena to reimburse Counter-Plaintiffs for their reasonable attorney's fees incurred in connection with this action; and

e.      Award any other or further relief the Court deems just and proper.

Dated: New York, New York
      January 2, 2020

Respectfully submitted,

/s/ R. Charles Henn Jr.
KILPATRICK TOWNSEND & STOCKTON LLP
R. Charles Henn Jr. (RH3049)
1100 Peachtree Street NE, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
chenn@kilpatricktownsend.com

*Attorney for Defendants adidas America, Inc. and Foot Locker Stores, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOEL PENA,<br><br>        Plaintiff,<br><br>        v.<br><br>ADIDAS AMERICA, INC., FOOTLOCKER STORES, INC., STOCKX, LLC, FLIGHT CLUB NEW YORK, LTD., and 1661, INC. d/b/a GOAT GROUP,<br><br>        Defendants. | Civil Action No. 1:19-cv-09342-RA |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 2, 2019, a true and correct copy of the foregoing document was served document was served via first class mail, postage fully prepaid upon *Pro Se* Plaintiff Joel Pena, as follows:

> Joel Pena
> 60 East 104th Street
> Apt. 3E
> New York, NY 10009
> *Pro Se*

Dated: New York, New York
      January 2, 2020

> /s/ R. Charles Henn Jr.
> R. Charles Henn Jr.
> 1100 Peachtree Street NE, Suite 2800
> Atlanta, Georgia 30309
> (404) 815-6500
> chenn@kilpatricktownsend.com
>
> *Attorney for Defendants adidas America, Inc. and Foot Locker Stores, Inc.*