# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK



| | | |
|---|---|---|
| **JOEL PENA,** an individual, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 19 CV 9342** |
| | ) | |
| **ADIDAS AMERICA, INC.,** | ) | **JURY TRIAL DEMANDED** |
| **FOOTLOCKER STORES, INC.,** | ) | |
| **STOCKX, LLC,** | ) | |
| **FLIGHT CLUB NEW YORK, LTD.,** | ) | **FIRST AMENDED COMPLAINT** |
| **1661, INC. d/b/a GOAT GROUP,** | ) | |
| **KITH RETAIL, LLC,** | ) | |
| **BBC ICE CREAM, LLC,** | ) | |
| **CONCEPTS INTERNATIONAL, LLC,** | ) | |
| **PACKER SHOES, INC., and** | ) | |
| **STADIUM ENTERPRISES, LLC** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND RELATED CLAIMS

Plaintiff, Joel Pena, alleges his complaint against Defendants, Adidas America, Inc. ("Adidas"), Footlocker Stores, Inc. ("Footlocker"), StockX, LLC, Flight Club New York, Ltd., ("Flight Club") and 1661, Inc. d/b/a Goat Group ("GOAT"), Kith Retail, LLC ("Kith"), BBC Icecream, LLC, Concepts International, LLC ("Concepts"), Packer Shoes, Inc. ("Packer"), and Stadium Enterprises, LLC ("Stadium Goods") as follows:

## NATURE OF THE ACTION

1.    This action arises from Defendant's Adidas, Footlocker, StockX, Flight Club, GOAT, Kith, BBC Icecream, Concepts, Packer and Stadium Goods infringement of Plaintiff's "ownership" and exclusive "use" rights in the marks, **HUMAN™, JOEL HUMAN®,** and **THE**

**HUMAN EXPERIENCE™**, in conjunction with clothing, merchandise and other related goods. Despite Plaintiff being the senior user and owner of the marks **HUMAN™, JOEL HUMAN®,** and **THE HUMAN EXPERIENCE™** and offering various clothing and merchandise under such brands names, the Defendants have infringed Plaintiff's rights in the aforementioned marks and have used Plaintiff's trademarks in commerce by manufacturing, printing, producing, advertising, promoting, selling, and offering for sale clothing items and sneakers under Plaintiff's trademarks including but not limited to the sneaker depicted in the images below including the mark **HUMAN RACE**:



Plaintiff has already experienced "actual confusion" in connection with this matter and is likely to continue to experience confusion as to the affiliation or connection between Defendant's Adidas, Footlocker, StockX, Flight Club, GOAT, Kith, BBC Icecream, Concepts, Packer and Stadium Goods and Plaintiff resulting in the unjust enrichment of Defendant's Adidas, Footlocker, StockX, Flight Club, GOAT, Kith, BBC Icecream, Concepts, Packer and Stadium Goods by using Plaintiff's trademarks.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 15 U.S.C. §1051 *et seq.*, 15 U.S.C. Sections 1114-1116; under Section 43(a) of the Trademark Act, 15 U.S.C. §1125(a), Section 43(c) of the Trademark Act, 15 U.S.C. §1125(c) and 28 U.S.C. §1367.

3.     This Court has personal jurisdiction over the Defendants because Defendants engage in continuous and significant business activities in, and directed to the State of New York within this judicial district and because Defendants have committed tortuous acts aimed at and causing harm within the State of New York and this judicial district. All of the Defendants are also registered with the New York State Division of Corporations.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because it is where Plaintiff resides and the Defendants transacts business in this district, and because a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, within this district.  Furthermore, the damage to Plaintiff and its intellectual property described herein continues to occur in this judicial district.  Defendants also advertise, market and sell goods in this district via the internet or directly.

## THE PARTIES

5.     Plaintiff, Joel Pena is an individual with an address at 60 E. 104th Street – Suite 3E, New York, NY 10029.

6.     Upon information and belief, Defendant Adidas America, Inc. is an Oregon Corporation with a principal place of business at 55 North Greeley Avenue, Portland, Oregon 97217.

7.     Upon information and belief, Defendant Foot Locker Stores, Inc. is a Delaware corporation with a principal place of business at 330 W 34th Street, New York, New York 10001.

8.     Upon information and belief, Defendant StockX, LLC, is a Michigan limited liability company with a principal place of business at 1046 Woodward Avenue, Detroit, Michigan 48226.

9.     Upon information and belief, Defendant Flight Club New York, Ltd. is a New York corporation with a principal place of business at 812 Broadway 2nd Floor, New York, New York 10003.

10.     Upon information and belief Defendant 1661, Inc. d/b/a Goat Group is a Delaware corporation with a principal place of business at 3960 Landmark Street, Culver City, California 90232.

11.     Upon information and belief, Defendant Kith Retail, LLC is a New York Limited Liability Company with a principal place of business at 625 Broadway – 4th Floor, New York, New York 10012.

12.     Upon information and belief, Defendant BBC Icecream, LLC is a Delaware Limited Liability Company with a principal place of business at 3850 Bird Road – Suite 801, Miami, Florida 33146.

13.     Upon information and belief, Defendant Concepts International, LLC is a Massachusetts Limited Liability Company with a place of business at 225 Hudson Street, New York, New York 10013.

14.     Upon information and belief, Defendant Packer Shoes, Inc. is a New Jersey corporation with a place of business at 45 Smith Street, Englewood, New Jersey 07631.

15.     Upon information and belief, Defendant Stadium Enterprises, LLC is a Delaware Limited Liability Company with a place of business at 7 Times Square – Suite 2900, New York, New York 10036.

# FACTS

16.     Plaintiff Joel Pena professionally known as **JOEL HUMAN®**, is a fashion designer and apparel industry entrepreneur who has worked in the fashion industry since at least as early as 1998.

17.     Born in Brooklyn, New York, Plaintiff grew up doing graffiti on the streets of New York City and created his graffiti name "**HUMAN™**" in 1993.

18.     Plaintiff **JOEL HUMAN®** saw the emergence of graffiti art and streetwear apparel in the early 1990's from other graffiti artists like **MARC ECKO®** and in 1996 Plaintiff applied to the Pratt Institute School of Design and received a full scholarship for graphic design.

19.     Since at least as early as 1998, Plaintiff has been designing, promoting, advertising, selling and offering for sale, headwear, t-shirts, sweaters, hooded sweatshirts, jackets and other clothing items under the **HUMAN™** and **JOEL HUMAN®** brand names.

20.     In 1998 Plaintiff also began designing for fashion companies that had the licenses to Disney, Old Navy, Pony Athletic Apparel, Major League Baseball as well as emerging streetwear brands at the time like **ECKO UNLIMITED®**, **FUBU®**, **G-UNIT®**, **COOGI®** and many other brands.

21.     For the past two (2) decades, Plaintiff has designed apparel for many HIP-HOP celebrities including, but not limited to, **50 CENT®**, **FAT JOE®**, **RICK ROSS®**, **DAYMOND JOHN** of Shark Tank, **SHAQUILLE O'NEAL™**, **FETTY WAP™** and has brought his authentic New York City style to people all around the world.

22. Since at least as early as 1998, Plaintiff has been independently operating a clothing business which has sold various clothing items under the marks **HUMAN™** and **JOEL HUMAN®**.

23. Plaintiff uses the ®, and ™ symbols on product packaging materials, hang tags, and on promotional materials to put the public on constructive notice that Plaintiff is claiming trademark rights in the **HUMAN™** and **JOEL HUMAN®** brand names.

24. Plaintiff sells his clothing via wholesale accounts with retail clothing stores nationwide and in other ways customary in the apparel industry.

25. Plaintiff advertises his **HUMAN®** collection of brands and clothing items through social media platforms including but not limited to Instagram and other online sources.

26. Plaintiff's **HUMAN™** and **JOEL HUMAN®** collection of clothing products enjoy a superlative reputation in the apparel industry.

27. Since at least as early as 2007, Plaintiff has taken efforts at securing intellectual property protection for his **HUMAN™** collection of brand names and designs.

28. Plaintiff filed United States Trademark Serial Application No. 77/354,955 for the mark **THE HUMAN EXPERIENCE™** that was filed with the United States Patent and Trademark Office on December 18, 2007. (**See Exhibit A**).

29. Plaintiff is the registered owner of United States Trademark Registration No. 4,587,137 for the mark **JOEL HUMAN®**. (**See Exhibit B**).

30. Plaintiff filed United States Trademark Serial Application No. 86/303,524 for the mark **HUMAN™** that was filed with the United States Patent and Trademark Office on June 8, 2014. (**See Exhibit C**).

31.     Plaintiff is the owner of pending United States Trademark Serial Application No. 88/600,647 for the mark **HUMAN™**.  (**See Exhibit D**).

32.     Plaintiff has built and acquired significant common law rights in the **HUMAN®, JOEL HUMAN®,** and **THE HUMAN EXPERIENCE™** marks in connection with clothing and merchandise based on Plaintiff's long standing and continuous use of the marks in commerce in connection with the promotion, sale and offering of clothing items under the aforementioned marks.

33.     Defendant Adidas America, Inc. is a major retailer of footwear and apparel products and has flagship retail clothing stores worldwide.  Defendant Adidas America, Inc. also distributes its footwear and clothing products through various retail clothing stores in New York and worldwide.

34.     Defendant Adidas America, Inc. also operates an online retail clothing store via its website www.adidas.com.

35.     Plaintiff is informed and believes and thereon alleges that Defendant Adidas America, Inc. is using his trademarks in commerce by manufacturing, marketing, promoting, advertising, selling and offering for sale sneakers, jackets, hoodies and other clothing items including and/or bearing Plaintiff's **JOEL HUMAN® HUMAN™** and/or **THE HUMAN EXPERIENCE™** marks placed on the clothing goods via print and embroidery applications and/or is using a confusingly similar variation of Plaintiff's aforementioned marks by placing the mark **HUMAN** and/or **HUMAN MADE** on its clothing and footwear products..   Defendant Adidas America, Inc. produced and released the sneaker depicted in the image below on October 5, 2019.



36.     Upon information and belief, Defendant Adidas America has released various sneakers that include Plaintiff's **JOEL HUMAN™** trademark or a confusingly similar variation of the same placed directly on the sneaker or clothing items including printed on jackets and hoodies via print or embroidery design and print applications.

37.     Defendant Adidas America's use in commerce of Plaintiff's **JOEL HUMAN®** mark or a confusingly similar variation of Plaintiff's **JOEL HUMAN®** trademark has already caused confusion and is likely to continue to cause confusion as to the source of footwear and clothing products under the **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** marks.

38.     Defendant Adidas America's continued use in commerce of any variation of Plaintiff's **JOEL HUMAN®, HUMAN™** and/or **THE HUMAN EXPERIENCE™** marks is likely to continue to cause confusion as to the source of apparel and footwear products under the aforementioned marks.

39.     Defendant Adidas America's use in commerce of Plaintiff's **JOEL HUMAN®** and **HUMAN™** trademarks in connection with footwear and apparel is not considered a fair use as it is using the marks for commercial business purposes and for a profit.

40. Upon information and belief, Defendant Adidas America is aware of Plaintiff's ownership rights and trademarks in the marks **HUMAN™, JOEL HUMAN®** and/or **THE HUMAN EXPERIENCE™**.

41. Defendant Adidas America's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is selling and offering for sale via its clothing stores, website and via its clothing distribution outlets.

42. Defendant Adidas America has acted in bad faith in using Plaintiff's **JOEL HUMAN®** trademark or a confusingly similar variation of the same as it has attempted to palm off the good will and reputation that Plaintiff has built in his **HUMAN™, JOEL HUMAN®**, and/or **THE HUMAN EXPERIENCE™** marks by promoting and selling a collection of sneakers and clothing including and under Plaintiff's trademarks.

43. Defendant Foot Locker Stores, Inc. is a leading retailer of footwear and clothing.

44. Defendant Foot Locker owns, operates and manages various footwear and apparel stores that promote, advertise, sell and offer for sale footwear and clothing products in commerce using Plaintiff's **HUMAN™, JOEL HUMAN®**, and/or **THE HUMAN EXPERIENCE™** trademarks.

45. Defendant Foot Locker's also operates and e-commerce store via the website www.footlocker.com.

46. Defendant Foot Locker is using Plaintiff's trademarks in commerce by promoting, advertising, selling and offering for sale sneakers and clothing items that place Plaintiff's **JOEL HUMAN®, HUMAN™** and/or **THE HUMAN EXPERIENCE™** trademarks and/or a confusingly similar variation of the same by printing and embroidering the word **HUMAN** and/or **HUMAN MADE** on its clothing and footwear products that it sells via its www.footlocker.com website and at its retail footwear and clothing stores.

47.     Upon information and belief, Defendant Foot Locker is also utilizing Plaintiff's **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** trademarks as a keyword in online advertising that is directing consumers looking for Plaintiff's clothing to the www.footlocker.com website to purchase its clothing products instead by advertising and promoting clothing products that include Plaintiff's **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** trademarks.     The aforementioned use of Plaintiff's trademarks by Foot Locker are a "use in commerce" of Plaintiff's brand name.

48.     Upon information and belief, Defendant Foot Locker is also bidding and purchasing adwords under Plaintiff's **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** trademark that is directing consumers looking for Plaintiff's clothing to the www.footlocker.com website to purchase its footwear and clothing products instead of Plaintiff's clothing items under the **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** marks.  The aforementioned use of Plaintiff's trademark in search engine keyword advertising programs by Foot Locker is a "use in commerce" of Plaintiff's trademarks for a profit.

49.     Defendant Foot Locker's use in commerce of Plaintiff's **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** trademarks is not a fair use as Foot Locker is using the marks for commercial business purposes and for a profit.

50.     Defendant Foot Locker's use in commerce of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of footwear and clothing products under the **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** marks.

51.     Defendant Foot Locker Stores Inc. has the ability to manage, monitor and control the infringing activity that violates Plaintiff's **HUMAN™, JOEL HUMAN®** and/or **THE HUMAN EXPERIENCE™** trademarks.

52.     Upon information and belief, Defendant Foot Locker had knowledge of Plaintiff's ownership rights in the **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** marks and failed to implement any procedure that would prevent its sales team from uploading content or designs that included Plaintiff's registered trademarks.

53.     Defendant Foot Locker's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is displaying, selling and offering for sale from its www.footlocker.com website and/or that it is selling at its retail footwear and clothing stores.

54.     Defendant Foot Locker acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** marks.

55.     Defendant StockX, Inc. is an online retailer that buys and sells authentic sneakers and streetwear.

56.     Defendant StockX owns, operates and manages an online retail store that uses in commerce, Plaintiff's trademarks to promote, advertise, sell and offer for sale footwear and clothing products using Plaintiff's **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** trademarks.

57.     Defendant StockX is using Plaintiff's trademarks in commerce by promoting, advertising, selling and offering for sale sneakers and clothing items including and under Plaintiff's **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** trademarks via its www.stockx.com website.

58.     Upon information and belief, Defendant StockX is also utilizing Plaintiff's **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** trademarks as a keyword in online advertising that is directing consumers looking for Plaintiff's clothing to the www.StockX.com website to purchase its footwear and clothing products instead by advertising and promoting footwear and clothing products that include Plaintiff's **HUMAN™, JOEL**

HUMAN®, and/or **THE HUMAN EXPERIENCE**™ trademarks. The aforementioned use of Plaintiff's trademarks by StockX are a "use in commerce" of Plaintiff's brand name.

59.     Upon information and belief, Defendant StockX is also bidding and purchasing adwords under Plaintiff's **HUMAN**™, **JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE**™ trademark that is directing consumers looking for Plaintiff's clothing to the www.footlocker.com website to purchase its footwear and clothing products instead of Plaintiff's clothing items under the **HUMAN**™, **JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE**™ marks. The aforementioned use of Plaintiff's trademark in search engine keyword advertising programs by StockX is a "use in commerce" of Plaintiff's trademarks for a profit.

60.     Defendant StockX's use in commerce of Plaintiff's **HUMAN**™, **JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE**™ trademarks is not a fair use as StockX is using the marks for commercial business purposes and for a profit.

61.     Defendant StockX's use in commerce of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of footwear and clothing products under the **HUMAN**™, **JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE**™ marks.

62.     Defendant StockX Inc. has the ability to manage, monitor and control the infringing activity that violates Plaintiff's **HUMAN**™, **JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE**™ trademarks.

63.     Upon information and belief, Defendant StockX had knowledge of Plaintiff's ownership rights in the **HUMAN**™, **JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE**™ marks and failed to implement any procedure that would prevent its sales team from uploading content or designs that included Plaintiff's registered trademarks.

64.     Defendant StockX's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is displaying, selling and offering for sale from its www.stockx.com website.

65.     Defendant StockX acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** marks.

66.     Defendant Flight Club is a popular retailer of footwear and clothing.

67.     Defendant Flight Club owns, operates and manages a footwear and apparel store that uses Plaintiff's trademarks to promote, advertise, sell and offer for sale footwear and clothing products in commerce using Plaintiff's **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** trademarks.

68.     Defendant Flight Club's also operates and e-commerce store via the website www.flightclub.com.

69.     Defendant Flight Club is using Plaintiff's trademarks in commerce by promoting, advertising, selling and offering for sale sneakers and clothing items including and under Plaintiff's **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** trademarks via its www.flightclub.com website and at its retail footwear and clothing store.

70.     Upon information and belief, Defendant Flight Club is also utilizing Plaintiff's **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** trademarks as a keyword in online advertising that is directing consumers looking for Plaintiff's clothing to the www.flightclub.com website to purchase its clothing products instead by advertising and promoting clothing products that include Plaintiff's **HUMAN™, JOEL HUMAN®, HUMAN MADE™** and/or **THE HUMAN EXPERIENCE™** trademarks. The aforementioned use of Plaintiff's trademarks by Flight Club are a "use in commerce" of Plaintiff's brand name.

71.     Upon information and belief, Defendant Flight Club is also bidding and purchasing adwords under Plaintiff's **HUMAN™, JOEL HUMAN®, HUMAN MADE™** and/or **THE HUMAN EXPERIENCE™** trademarks that are directing consumers looking for Plaintiff's clothing to the www.flightclub.com website to purchase its footwear and clothing products instead of Plaintiff's clothing items under the **HUMAN™, JOEL HUMAN®, HUMAN MADE™** and/or **THE HUMAN EXPERIENCE™** marks.  The aforementioned use of Plaintiff's trademark in search engine keyword advertising programs by Flight Club is a "use in commerce" of Plaintiff's trademarks for a profit.

72.     Defendant Flight Club's use in commerce of Plaintiff's **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** trademarks is not a fair use as Flight Club is using the marks for commercial business purposes and for a profit.

73.     Defendant Flight Club's use in commerce of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of footwear and clothing products under the **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** marks.

74.     Defendant Flight Club has the ability to manage, monitor and control the infringing activity that violates Plaintiff's **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** trademarks.

75.     Upon information and belief, Defendant Flight Club had knowledge of Plaintiff's ownership rights in the **HUMAN™, JOEL HUMAN®, HUMAN MADE™** and/or **THE HUMAN EXPERIENCE™** marks and failed to implement any procedure that would prevent its sales team from uploading content to its website or selling designs on clothing and sneakers that included Plaintiff's registered trademarks.

76.     Defendant Flight Club's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is displaying, selling and offering for sale from its www.flightclub.com website and/or that it is selling at its retail footwear and clothing store.

77.     Defendant Flight Club acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** marks.

78.     Defendant GOAT is an online retailer that buys and sells authentic sneakers and streetwear.

79.     Defendant GOAT owns, operates and manages an online retail store that uses in commerce, Plaintiff's trademarks to promote, advertise, sell and offer for sale footwear and clothing products using Plaintiff's **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** trademarks.

80.     Defendant GOAT is using Plaintiff's trademarks in commerce by promoting, advertising, selling and offering for sale sneakers and clothing items including and under Plaintiff's **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** trademarks via its www.goat.com website.

81.     Upon information and belief, Defendant GOAT is also utilizing Plaintiff's **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** trademarks as a keyword in online advertising that is directing consumers looking for Plaintiff's clothing to the www.goat.com website to purchase its footwear and clothing products instead by advertising and promoting footwear and clothing products that include Plaintiff's **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** trademarks. The aforementioned use of Plaintiff's trademarks by GOAT are a "use in commerce" of Plaintiff's brand name.

82.     Upon information and belief, Defendant GOAT is also bidding and purchasing adwords under Plaintiff's **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** trademark that is directing consumers looking for Plaintiff's clothing to the www.footlocker.com website to purchase its footwear and clothing products instead of Plaintiff's clothing items under the **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN**

EXPERIENCE™ marks. The aforementioned use of Plaintiff's trademark in search engine keyword advertising programs by GOAT is a "use in commerce" of Plaintiff's trademarks for a profit.

83. Defendant GOAT use in commerce of Plaintiff's **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** trademarks is not a fair use as GOAT is using the marks for commercial business purposes and for a profit.

84. Defendant GOAT's use in commerce of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of footwear and clothing products under the **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** marks.

85. Defendant GOAT has the ability to manage, monitor and control the infringing activity that violates Plaintiff's **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** trademarks.

87. Upon information and belief, Defendant GOAT had knowledge of Plaintiff's ownership rights in the **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** marks and failed to implement any procedure that would prevent its sales team from uploading content or designs on sneakers that included Plaintiff's registered trademarks.

88. Defendant GOAT's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is displaying, selling and offering for sale from its www.goat.com website.

89. Defendant GOAT acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **HUMAN™, JOEL HUMAN®, HUMAN MADE™** and/or **THE HUMAN EXPERIENCE™** marks.

90. Defendant Kith is a leading retailer of footwear and clothing.

91. Defendant Kith owns, operates and manages various footwear and apparel stores that promote, advertise, sell and offer for sale footwear and clothing products in commerce using Plaintiff's **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** trademarks.

92. Defendant Kith also operates and e-commerce store via the website www.kith.com.

93. Defendant Kith is using Plaintiff's trademarks in commerce by promoting, advertising, selling and offering for sale sneakers and clothing items that place Plaintiff's **JOEL HUMAN®, HUMAN™** and/or **THE HUMAN EXPERIENCE™** trademarks and/or a confusingly similar variation of the same on clothing and footwear products by printing and embroidering the word **HUMAN** and/or **HUMAN MADE** on clothing and footwear products that it sells via its www.kith.com website and at its retail footwear and clothing stores.

94. Defendant Kith's use in commerce of Plaintiff's **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** trademarks is not a fair use as Kith is using the marks for commercial business purposes and for a profit.

95. Defendant Kith's use in commerce of Plaintiff's trademarks has already caused confusion as consumers have contacted Plaintiff looking to purchase the **HUMAN™** and **HUMAN MADE** products promoted thinking they were Plaintiff's products and its continued use is likely to continue to cause confusion as to the source of footwear and clothing products under the **HUMAN™, JOEL HUMAN®, THE HUMAN EXPERIENCE™** and/or **HUMAN MADE™** marks.

96. Defendant Kith has the ability to manage, monitor and control the infringing activity that violates Plaintiff's **HUMAN™, JOEL HUMAN®** and/or **THE HUMAN EXPERIENCE™** trademarks.

97.     Upon information and belief, Defendant Kith had knowledge of Plaintiff's ownership rights in the **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** marks and failed to implement any procedure that would prevent its sales team from uploading products to its www.kith.com website or offering products at its retail stores that included Plaintiff's registered trademarks.

98.     Defendant Kith's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is displaying, selling and offering for sale from its www.kith.com website and/or that it is selling at its retail footwear and clothing stores.

99.     Defendant Kith acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** marks.

100.    Defendant BBC Icecream is a retailer of clothing.

101.    Defendant BBC ICecream owns, operates and manages various footwear and apparel stores that promote, advertise, sell and offer for sale footwear and clothing products in commerce using Plaintiff's **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** trademarks.

102.    Defendant BBC Icecream also operates and e-commerce store via the website www.bbcicecream.com.

103.    Defendant BBC Icecream is using Plaintiff's trademarks in commerce by promoting, advertising, selling and offering for sale sneakers and clothing items that place Plaintiff's **JOEL HUMAN®, HUMAN™** and/or **THE HUMAN EXPERIENCE™** trademarks and/or a confusingly similar variation of the same on clothing and footwear products by printing and embroidering the word **HUMAN** and/or **HUMAN MADE** on clothing and

footwear products that it sells via its www.bbcicecream.com website and at its retail footwear and clothing stores.

104.    Defendant BBC Icecream's use in commerce of Plaintiff's **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** trademarks is not a fair use as BBC Icecream is using the marks for commercial business purposes and for a profit.

105.    Defendant BBC Iccream's use in commerce of Plaintiff's trademarks has already caused confusion as consumers have contacted Plaintiff looking to purchase the **HUMAN™** and **HUMAN MADE** products promoted thinking they were Plaintiff's products and its continued use is likely to continue to cause confusion as to the source of footwear and clothing products under the **HUMAN™, JOEL HUMAN®, THE HUMAN EXPERIENCE™** and/or **HUMAN MADE™** marks.

106.    Defendant BBC Icecream has the ability to manage, monitor and control the infringing activity that violates Plaintiff's **HUMAN™, JOEL HUMAN®** and/or **THE HUMAN EXPERIENCE™** trademarks.

107.    Upon information and belief, Defendant BBC Icecream had knowledge of Plaintiff's ownership rights in the **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** marks and failed to implement any procedure that would prevent its sales team from uploading products to its www.bbcicecream.com website or offering products at its retail stores that included Plaintiff's registered trademarks.

108.    Defendant BBC Icecreams's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is displaying, selling and offering for sale from its website and/or that it is selling at its retail footwear and clothing stores.

109.    Defendant BBC Icecream acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** marks.

110.  Defendant Concepts is a leading retailer of footwear and clothing.

111.  Defendant Concepts owns, operates and manages various footwear and apparel stores that promote, advertise, sell and offer for sale footwear and clothing products in commerce using Plaintiff's **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** trademarks.

112.  Defendant Concept also operates and e-commerce store via the website www.cncpts.com.

113.  Defendant Concepts is using Plaintiff's trademarks in commerce by promoting, advertising, selling and offering for sale sneakers and clothing items that place Plaintiff's **JOEL HUMAN®, HUMAN™** and/or **THE HUMAN EXPERIENCE™** trademarks and/or a confusingly similar variation of the same on clothing and footwear products by printing and embroidering the word **HUMAN** and/or **HUMAN MADE** on clothing and footwear products that it sells via its www.cncpts.com website and at its retail footwear and clothing stores.

114.  Defendant Concepts's use in commerce of Plaintiff's **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** trademarks is not a fair use as Concepts is using the marks for commercial business purposes and for a profit.

115.  Defendant Concept's use in commerce of Plaintiff's trademarks has already caused confusion as consumers have contacted Plaintiff looking to purchase the **HUMAN™** and **HUMAN MADE** products promoted thinking they were Plaintiff's products and its continued use is likely to continue to cause confusion as to the source of footwear and clothing products under the **HUMAN™, JOEL HUMAN®, THE HUMAN EXPERIENCE™** and/or **HUMAN MADE™** marks.

116.  Defendant Concepts has the ability to manage, monitor and control the infringing activity that violates Plaintiff's **HUMAN™, JOEL HUMAN®** and/or **THE HUMAN EXPERIENCE™** trademarks.

117.     Upon information and belief, Defendant Concepts had knowledge of Plaintiff's ownership rights in the **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** marks and failed to implement any procedure that would prevent its sales team from uploading products to its www.cncpts.com website or offering products at its retail stores that included Plaintiff's registered trademarks.

118.     Defendant Concepts infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is displaying, selling and offering for sale from its www.cncpts.com website and/or that it is selling at its retail footwear and clothing stores.

119.     Defendant Concepts acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** marks.

120.     Defendant Packer Shoes is a retailer of footwear and clothing.

121.     Defendant Packer owns, operates and manages various footwear and apparel stores that promote, advertise, sell and offer for sale footwear and clothing products in commerce using Plaintiff's **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** trademarks.

122.     Defendant Packer Shoes's also operates and e-commerce store via the website www.packershoes.com.

123.     Defendant Packer Shoes is using Plaintiff's trademarks in commerce by promoting, advertising, selling and offering for sale sneakers and clothing items that place Plaintiff's **JOEL HUMAN®, HUMAN™** and/or **THE HUMAN EXPERIENCE™** trademarks and/or a confusingly similar variation of the same on clothing and footwear products by printing and embroidering the word **HUMAN** and/or **HUMAN MADE** on clothing and

footwear products that it sells via its www.packershoes.com website and at its retail footwear and clothing stores.

124. Defendant Packer Shoe's use in commerce of Plaintiff's **HUMAN™**, **JOEL HUMAN®**, and/or **THE HUMAN EXPERIENCE™** trademarks is not a fair use as Packer Shoes is using the marks for commercial business purposes and for a profit.

125. Defendant Packer Shoes's use in commerce of Plaintiff's trademarks has already caused confusion as consumers have contacted Plaintiff looking to purchase the **HUMAN™** and **HUMAN MADE** products promoted thinking they were Plaintiff's products and its continued use is likely to continue to cause confusion as to the source of footwear and clothing products under the **HUMAN™**, **JOEL HUMAN®**, **THE HUMAN EXPERIENCE™** and/or **HUMAN MADE™** marks.

126. Defendant Packer Shoes has the ability to manage, monitor and control the infringing activity that violates Plaintiff's **HUMAN™**, **JOEL HUMAN®** and/or **THE HUMAN EXPERIENCE™** trademarks.

127. Upon information and belief, Defendant Packer Shoes had knowledge of Plaintiff's ownership rights in the **HUMAN™**, **JOEL HUMAN®**, and/or **THE HUMAN EXPERIENCE™** marks and failed to implement any procedure that would prevent its sales team from uploading products to its www.packershoes.com website or offering products at its retail stores that included Plaintiff's registered trademarks.

128. Defendant Packer Shoes's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is displaying, selling and offering for sale from its www.packershoes.com website and/or that it is selling at its retail footwear and clothing stores.

129. Defendant Packer Shoes acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **HUMAN™**, **JOEL HUMAN®**, and/or **THE HUMAN EXPERIENCE™** marks.

130. Defendant Stadium Goods is a retailer of footwear and clothing.

131. Defendant Stadium Goods owns, operates and manages various footwear and apparel stores that promote, advertise, sell and offer for sale footwear and clothing products in commerce using Plaintiff's **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** trademarks.

132. Defendant Stadium Good's also operates and e-commerce store via the website www.stadiumgoods.com.

133. Defendant Stadium Goods is using Plaintiff's trademarks in commerce by promoting, advertising, selling and offering for sale sneakers and clothing items that place Plaintiff's **JOEL HUMAN®, HUMAN™** and/or **THE HUMAN EXPERIENCE™** trademarks and/or a confusingly similar variation of the same on clothing and footwear products by printing and embroidering the word **HUMAN** and/or **HUMAN MADE** on clothing and footwear products that it sells via its www.stadiumgoods.com website and at its retail footwear and clothing stores.

134. Defendant Stadium Goods use in commerce of Plaintiff's **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** trademarks is not a fair use as Stadium Goods is using the marks for commercial business purposes and for a profit.

135. Defendant Stadium Goods use in commerce of Plaintiff's trademarks has already caused confusion as consumers have contacted Plaintiff looking to purchase the **HUMAN™** and **HUMAN MADE** products promoted thinking they were Plaintiff's products and its continued use is likely to continue to cause confusion as to the source of footwear and clothing products under the **HUMAN™, JOEL HUMAN®, THE HUMAN EXPERIENCE™** and/or **HUMAN MADE™** marks.

136. Defendant Stadium Goods has the ability to manage, monitor and control the infringing activity that violates Plaintiff's **HUMAN™**, **JOEL HUMAN®** and/or **THE HUMAN EXPERIENCE™** trademarks.

137. Upon information and belief, Defendant Stadium Goods had knowledge of Plaintiff's ownership rights in the **HUMAN™**, **JOEL HUMAN®**, and/or **THE HUMAN EXPERIENCE™** marks and failed to implement any procedure that would prevent its sales team from uploading products to its www.stadiumgoods.com website or offering products at its retail stores that included Plaintiff's registered trademarks.

138. Defendant Stadium Good's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is displaying, selling and offering for sale from its www.stadiumgoods.com website and/or that it is selling at its retail footwear and clothing stores.

139. Defendant Stadium Goods acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **HUMAN™**, **JOEL HUMAN®**, and/or **THE HUMAN EXPERIENCE™** marks.

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114-1116)

140. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 139 of this Complaint.

141. The use in commerce by Defendants of an identical version of Plaintiff's registered trademark is likely to cause confusion, mistake and deception among members of the public and in trade as to the source, origin, or sponsorship of defendants' goods and services. Such use by Defendants constitutes a clear and direct infringement of Plaintiff's rights in and to Plaintiff's registered trademark, and has resulted in injury and damage to Plaintiff that will continue if Defendants are not ordered to cease all use of the **HUMAN™**, **JOEL HUMAN®**, and/or **THE HUMAN EXPERIENCE™** marks.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)

142. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 141 of this Complaint.

143. Plaintiff has the exclusive right to market, brand and provide clothing related goods using the **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** marks.

144. Defendants by reason of the aforementioned acts, have falsely described, represented and designated the origin of its goods and services. Defendants' activities already have confused the public into believing that Defendants and Plaintiff's clothing goods and accessories come from one and the same source, and Defendants continued activities are likely to create further confusion and deceive the public concerning the source of the goods/services.

145. Defendants have unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined by this Court.

146. By reason of Defendants willful acts conducted in conscious disregard for Plaintiff's rights, Plaintiff is entitled to treble damages under 15 U.S.C. § 1117(a).

## THIRD CAUSE OF ACTION
## COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

147. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 146 of this Complaint.

148. Defendants conduct constitutes deception by which Defendants goods will be palmed off as those of Plaintiff. Such conduct constitutes trademark infringement and unfair competition in violation of the laws of the State of New York.

149. Defendants unauthorized use of Plaintiff's **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** marks is likely to continue to cause further confusion to the public as to the clothing goods and accessories of the respective parties.

150. By reason of the foregoing, Defendants have infringed and continue to infringe on Plaintiff's common law rights in the **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** marks and Defendants have become unjustly enriched by such acts of infringement.

151. Defendants unlawful conduct has been and will continue to be willful or willfully blind to Plaintiff's rights, as Defendant has reason to know of Plaintiff's rights in the name.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT

152. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 151 of this Complaint.

153. Defendants has\ve unjustly retained profits from the sale of clothing goods and accessories bearing Plaintiff's **HUMAN™, JOEL HUMAN®,** and/or **THE HUMAN EXPERIENCE™** marks.

154. Defendant's actions constitute unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1.    Entry of an order and judgment requiring that all Defendants, its subsidiaries, officers, agents, servants, employees, owners, and representatives, and all other persons or entities in active concert or participation with them, be preliminarily and, thereafter, permanently enjoined and restrained from (a) using in any manner the trade name, trademark, domain name or other indicia or origin, including in whole or part the term **HUMAN™, JOEL HUMAN®, HUMAN MADE™** and/or **THE HUMAN EXPERIENCE™**, or any colorable imitation thereof; (b) advertising, operating a website, using business stationary or offering any goods or services using the trade name, trademark, domain name, URL, or any other indicia of origin including in whole or part the term **HUMAN™, JOEL HUMAN®, HUMAN MADE™** and/or **THE HUMAN EXPERIENCE™**, or any colorable imitation thereof; (c) otherwise engaging in any acts of unfair competition and infringement which tend to injure Plaintiff's rights in the **HUMAN™, JOEL HUMAN®, HUMAN MADE™** and/or **THE HUMAN EXPERIENCE™** marks.

2.    That Defendants be required to account to Plaintiff for any and all profits derived by it, and to compensate Plaintiff for all the damages sustained by reason of the acts complained of herein, and that the damages herein be trebled pursuant to the Trademark Act.

3.    That Defendants be ordered to deliver up for destruction any and all infringing materials bearing the **HUMAN™, JOEL HUMAN®, HUMAN MADE™** and/or **THE HUMAN EXPERIENCE™** marks, and any colorable imitation thereof, in whole or part.

4.    That Plaintiff be awarded punitive damages against all Defendants.

5.    That Defendant be required to place advertisements or send notifications to past and present customers that it improperly has been using the **HUMAN™, JOEL HUMAN®, HUMAN MADE™** and/or **THE HUMAN EXPERIENCE™** marks.

6.    That Plaintiff be awarded statutory damages in the amount of $10,000,000.00 for Defendants acts of willful infringement of Plaintiff's trademarks.

7.     That Plaintiff be awarded the cost and disbursements of this action.

8.     That Plaintiff have such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

Dated: January 1, 2020     Respectfully submitted,
   New York, New York   Joel Pena – Pro Se

              *Joel Pena*
              Joel Pena
              Pro Se Plaintiff
              60 E. 104th Street – Suite #3E
              New York, New York 10029
              (347) 933-0923

**EXHIBIT A**



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > **Trademark Electronic Search System (TESS)**

*TESS was last updated on Fri Aug 30 04:51:02 EDT 2019*

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   BOTTOM   HELP   PREV LIST   CURR LIST
NEXT LIST   FIRST DOC   PREV DOC   NEXT DOC   LAST DOC

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At: [        ]   OR   Jump   to record: [        ]   **Record 5 out of 5**

TSDR   ASSIGN Status   TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*

# the Human experience

| | |
|---|---|
| **Word Mark** | THE HUMAN EXPERIENCE |
| **Goods and Services** | (ABANDONED) IC 025. US 022 039. G & S: shirts, pants, and shoes. FIRST USE: 20071218  FIRST USE IN COMMERCE: 20071218 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 77354955 |
| **Filing Date** | December 18, 2007 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Owner** | (APPLICANT) Kim, Byoung H JOINT APPLICANTS REPUBLIC OF KOREA 394 veterans blvd Carlstadt NEW JERSEY 07072 |
| | (APPLICANT) Pena, Joel D. Joel D. pena, (legal citizen) Byoung H Kim (visa) JOINT APPLICANTS UNITED STATES #1d 126 crescent st. Brooklyn NEW YORK 11208 |
| **Type of Mark** | TRADEMARK |
| **Register** | SUPPLEMENTAL |
| **Live/Dead Indicator** | DEAD |
| **Abandonment Date** | October 1, 2008 |

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   TOP   HELP   PREV LIST   CURR LIST
NEXT LIST   FIRST DOC   PREV DOC   NEXT DOC   LAST DOC

**EXHIBIT B**

# United States of America

## United States Patent and Trademark Office

# Joel Human

**Reg. No. 4,587,137**

**Registered Aug. 19, 2014**

PENA, JOEL D. (UNITED STATES INDIVIDUAL), AKA JOEL HUMAN
1487 E.37TH STREET APT. D7
BROOKLYN, NY 11234

**Int. Cl.: 25**

FOR: ATHLETIC APPAREL, NAMELY, SHIRTS, PANTS, JACKETS, FOOTWEAR, HATS AND CAPS, ATHLETIC UNIFORMS, IN CLASS 25 (U.S. CLS. 22 AND 39).

**TRADEMARK**

FIRST USE 5-16-2010; IN COMMERCE 5-16-2010.

**PRINCIPAL REGISTER**

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

THE NAME "JOEL HUMAN" IDENTIFIES THE STAGE NAME/PSEUDONYM OF JOEL PENA, A LIVING INDIVIDUAL WHOSE CONSENT IS OF RECORD.

SER. NO. 85-965,969, FILED S.R. 6-20-2013 AM. P.R. 6-20-2013.

DEZMONA MIZELLE, EXAMINING ATTORNEY



*Michelle K. Lee*
Deputy Director of the United States
Patent and Trademark Office

**EXHIBIT C**



**United States Patent and Trademark Office**

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

Trademarks > **Trademark Electronic Search System (TESS)**

*TESS was last updated on Fri Aug 30 04:51:02 EDT 2019*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |

| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At: [      ] OR  Jump  to record: [      ] **Record 3 out of 5**

TSDR  ASSIGN Status  TTAB Status  *( Use the "Back" button of the Internet Browser to return to TESS)*

## HUMAN

| | |
|---|---|
| Word Mark | HUMAN |
| Goods and Services | (ABANDONED) IC 025. US 022 039. G & S: Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms. FIRST USE: 20120401. FIRST USE IN COMMERCE: 20120401 |
| Mark Drawing Code | (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM |
| Serial Number | 86303524 |
| Filing Date | June 8, 2014 |
| Current Basis | 1A |
| Original Filing Basis | 1A |
| Owner | (APPLICANT) Joel Pena INDIVIDUAL UNITED STATES 1487 East 37th street #D7 Brooklyn NEW YORK 11234 |
| Description of Mark | Color is not claimed as a feature of the mark. The mark consists of the word "HUMAN" in an slightly arched format, like the arch of a rainbow. The "H" is tilted to the left. The "U" is slightly tilted to the left. The "M" is straight. The "A" is slightly tilted to the right. The "N" is tilted to the right. |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |
| Live/Dead Indicator | DEAD |
| Abandonment Date | September 14, 2015 |

**EXHIBIT D**

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

Trademarks > **Trademark Electronic Search System (TESS)**

TESS was last updated on Thu Sep 19 03:32:26 EDT 2019

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |

| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At: [        ] OR Jump to record: [        ]   **Record 1 out of 6**

TSDR   ASSIGN Status   TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*

# HUMAN

| | |
|---|---|
| **Word Mark** | HUMAN |
| **Goods and Services** | IC 025. US 022 039. G & S: Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms; Hoodies; Sweaters; T-shirts; Crew neck sweaters; Short-sleeved or long-sleeved t-shirts. FIRST USE: 20071200. FIRST USE IN COMMERCE: 20120401 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 88600647 |
| **Filing Date** | August 30, 2019 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Owner** | (APPLICANT) Pena, Joel INDIVIDUAL UNITED STATES 60 East 104th Street - Suite 3E New York NEW YORK 10029 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | Top | HELP | PREV LIST | CURR LIST |

| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |